UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AARON JAMESON and JESSICA JAMESON,

    Plaintiffs,

v.

IQ DATA INTERNATIONAL, INC., d/b/a DEBT RECOVERY MANAGEMENT, INC.,

    Defendant.

CASE NO. C09-5233BHS

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

    This matter comes before the Court on Defendant's Motion for Summary Judgment (Dkt. 17). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

    On March 21, 2009, Plaintiffs Aaron and Jessica Jameson filed a complaint against IQ Data International, Inc., d/b/a Debt Recovery Management, Inc., alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). Dkt. 1. Plaintiffs claim that they incurred a debt in 2004 after moving out of an apartment. *Id*., ¶¶ 6–7. In 2005, Defendant brought a claim against Plaintiffs in an attempt to collect the debt and subsequently dismissed the case. *Id*., ¶¶ 9–10. Plaintiffs allege that Defendant

ORDER - 1

"failed to report to one or more of the credit reporting agencies that the debt was disputed." *Id.*, ¶ 12.

On March 4, 2010, Defendant filed a Motion for Summary Judgment. Dkt. 17. Plaintiffs did not respond and Defendant did not reply.

## II. DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The

nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

### B.     Defendant's Motion

The statute of limitations for a claim brought under FDCPA is one (1) year. 15 U.S.C. § 1692k(d). The limitations period runs from the date of the offending act. *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir 1997).

In this case, Defendant argues that Plaintiffs' FDCPA claim is barred by the statute of limitations. Dkt. 17 at 2. The Court agrees because Plaintiffs filed this action in 2009 but they were aware of the debt by at least 2007. *See* Dkt. 1, ¶ 11 ("In 2007 Plaintiffs asked Debt Recovery Management, Inc. to begin an investigation on the account. Plaintiffs disputed the debt.").

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment (Dkt. 17) is **GRANTED**.

DATED this 1st day of April, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3